UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>WOK ON WHEELS USA, LLC dba WOK ON WHEELS; SHIN OAK INVESTMENTS, LLC dba WOK ON WHEELS; CEDARS ENTERPRISES, LLC dba WOK ON WHEELS; SAID AL-HAJ, Individually; and RHONDA AL-HAJ, Individually,<br><br>Defendants. | ) | CIVIL ACTION NO. 5:16-CV-00902 |

COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action to enjoin the Defendants, Wok on Wheels USA, LLC dba Wok on Wheels; Shin Oak Investments, LLC dba Wok on Wheels; Cedars Enterprises, LLC dba Wok on Wheels; Said Al-Haj, Individually; and Rhonda Al-Haj, Individually (collectively "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (the "Act"), and to restrain Defendants from withholding payment of overtime compensation found by the Court to be due employees under the Act, and an equal amount as liquidated damages due to the employees who are named in the attached Exhibit A.

I.

This Court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

II.

1. Defendant Wok on Wheels USA, LLC is now, and at all times hereinafter mentioned was, a limited liability company in Bexar County, Texas, within the jurisdiction of this Court where Wok on Wheels USA, LLC is, and at all times hereinafter mentioned was, doing business as Wok on Wheels, a dine-in and delivery restaurant located at 4503 De Zavala Road, Suite 124, San Antonio, Texas 78249.

2. Defendant Shin Oak Investments, LLC is now, and at all times hereinafter mentioned was, a limited liability company in Bexar County, Texas, within the jurisdiction of this Court where Shin Oak Investments, LLC is, and at all times hereinafter mentioned was, doing business as Wok on Wheels, a dine-in and delivery restaurant located at 8142 Shin Oak Drive, Suite 116, San Antonio, Texas 78233.

3. Defendant Cedars Enterprises, LLC is now, and at all times hereinafter mentioned was, a limited liability company in Bexar County, Texas, within the jurisdiction of this Court where Cedars Enterprises, LLC is, and at all times hereinafter mentioned was, doing business as Wok on Wheels, a dine-in and delivery restaurant located at 22250 Bulverde Road, Suite 118, San Antonio, Texas 78261.

4. Defendant Said Al-Haj has a place of business and is doing business in Bexar County, Texas, within the jurisdiction of this Court, where Said Al-Haj is, and at all times hereinafter mentioned was, the manager and owner of the three dine-in and delivery restaurants operating as Wok on Wheels, described above, and actively manages, supervises and directs the business affairs and operations of these three Wok on Wheels restaurants. Said Al-Haj acts, directly and indirectly, in the interests of the Wok on Wheels restaurants in relation to their employees and is an employer of

these employees within the meaning of the Act. Specifically, Said Al-Haj does the hiring, firing, setting rates of pay and determining the conditions of employment for the employees of the three Wok on Wheels restaurants and oversees all aspects of the operation of these restaurants.

5. Defendant Rhonda Al-Haj has a place of business and is doing business in Bexar County, Texas, within the jurisdiction of this Court, where Rhonda Al-Haj is, and at all times hereinafter mentioned was, the manager and owner of the three dine-in and delivery restaurants operating as Wok on Wheels, described above, and actively manages, supervises and directs the business affairs and operations of these three Wok on Wheels restaurants. Rhonda Al-Haj acts, directly and indirectly, in the interests of the Wok on Wheels restaurants in relation to their employees and is an employer of these employees within the meaning of the Act. Specifically, Rhonda Al-Haj does the hiring, firing, setting rates of pay and determining the conditions of employment for the employees of the three Wok on Wheels restaurants and oversees all aspects of the operation of these restaurants.

III.

At all times hereinafter mentioned, Defendants Wok on Wheels USA, LLC dba Wok on Wheels; Shin Oak Investments, LLC dba Wok on Wheels; and Cedars Enterprises, LLC dba Wok on Wheels have been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendants Wok on Wheels USA, LLC dba Wok on Wheels; Shin Oak Investments, LLC dba Wok on Wheels; and Cedars Enterprises, LLC dba Wok on Wheels have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose, which is operating three dine-in and delivery restaurants, known as Wok on Wheels, in and around the San Antonio, Texas area.

IV.

At all times hereinafter mentioned, Defendants Wok on Wheels USA, LLC dba Wok on Wheels; Shin Oak Investments, LLC dba Wok on Wheels; and Cedars Enterprises, LLC dba Wok on Wheels have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that they have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

During the period since September 10, 2013, Defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed. Specifically, Defendants paid an incorrect overtime rate to tipped drivers and paid a salary instead of proper overtime to non-exempt cooks at all three locations.

VI.

As a result of the violations of the Act, overtime compensation has been unlawfully withheld by Defendants from their employees.

VII.

During the period since September 10, 2013, Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that their records failed to show, among other things, the hours worked each day and the total hours worked each week by their employees.

VIII.

Defendants have willfully violated the Act in that Defendants have been investigated previously, with the same or similar violations found. Defendants, therefore, knew or showed reckless disregard for the requirements of the Act by their continued violation of it. A judgment enjoining the alleged violations and restraining the withholding of minimum wage and overtime compensation found to be due the employees is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

IX.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants, Wok on Wheels USA, LLC dba Wok on Wheels; Shin Oak Investments, LLC dba Wok on Wheels; Cedars Enterprises, LLC dba Wok on Wheels; Said Al-Haj, Individually; and Rhonda Al-Haj, Individually, as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining

Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

3. For an Order pursuant to Section 17 enjoining and restraining Defendants from withholding payment of unpaid overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4. For an Order awarding Plaintiff the costs of this action; and

5. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

By:

/s/ Sheryl L. Vieyra__________
SHERYL L. VIEYRA
Senior Trial Attorney
Texas State Bar No. 24008193

Attorneys for Plaintiff.

U.S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3100
Facsimile: (972) 850-3101
Email: vieyra.sheryl@dol.gov

RSOL Case No. 16-00823

**"EXHIBIT A"**

1. Aguillon, Abel
2. Alcides Aguila, Magdiel
3. Bass, Craig
4. Bone, Seth
5. Caponido, Alfredo
6. Chaires-Padron, Serafin
7. Grijalva, Alex
8. Jaime, Andrew
9. Licea Sanchez, Esequil
10. Martinez, Aaron
11. Martinez, Francisco
12. Martinez, Jose
13. Mendoza, Gustavo
14. Mendoza, Usbaldo
15. Noriega, Daniel
16. Padilla, Jose
17. Roaro, Salvador
18. Torres, Luis Carlos
19. Williams, Bobby
20. Yanyez, Lupe